**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel A Figueroa,<br><br>        Plaintiff,<br><br>v.<br><br>Centurion of Arizona LLC, et al.,<br><br>        Defendants. | No. CV-20-00064-TUC-RM<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Leave to File Amended Complaint and a proposed lodged First Amended Complaint ("FAC"). (Docs. 13, 14.) Plaintiff requests leave to add Kimberlee Switzer as a named Defendant. (*Id.*) Plaintiff states that his Complaint (Doc. 1) included facts pertaining to Switzer's actions and that he intended to list Switzer as a named defendant but inadvertently failed to do so. (*See* Doc. 7 at 4.) Plaintiff's proposed FAC is identical to his original Complaint except that it lists Switzer as a named defendant.

A party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a)(1)(a). In all other cases, a party may amend its pleading only with the opposing party's written consent or with leave of court, which should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff may not amend the Complaint, which was filed on February 6, 2020, as a matter of right, and Defendants have not consented to amendment; therefore, leave of Court is required to amend.

The Court finds that justice requires that Plaintiff be given leave to amend. *See Day v. LSI Corp.*, 174 F. Supp. 3d 1130, 1152 (D. Ariz. 2016), *aff'd*, 705 F. App'x 539 (9th Cir. 2017) (factors relevant in determining whether leave to amend should be granted include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposition party by virtue of the allowance of the amendment, [and] futility of amendment."); *see also DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987) ("The party opposing amendment bears the burden of showing prejudice.").

**I.     Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual

allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

## II.     First Amended Complaint

The Complaint (Doc. 1) states the following allegations regarding Defendant Switzer:[1] Plaintiff filed an Informal Complaint Resolution ("ICR") after his wheelchair was taken from him and he was placed in non-ADA[2] housing. (Doc. 1 at 7.) He received a response to the ICR from Kimberlee Switzer, the Director of Nursing, which stated that he had been observed "walking well with a cane" and that the wheelchair should not have been taken until his walker with wheels arrived. (*Id.* at 7-8.) Switzer "did not take steps to have Plaintiff moved back to an ADA-compliant building nor did she ensure that Plaintiff was given his [wheelchair] back." (*Id.* at 8; *see also* Doc. 7 at 4.) Switzer also failed to ensure that Plaintiff received the walker that was prescribed to him. (*Id.* at 16.) Plaintiff alleges that Switzer's actions were "in accordance with Defendant Centurion and Shinn's (ADC) practice and custom of deliberate indifference to prisoners' health and welfare" and that "Switzer's actions were in violation of the Eighth Amendment and the ADA[.]" (*Id.* at 14.)

To state a § 1983 claim for inadequate medical care in violation of the Eighth Amendment, a plaintiff must show (1) a "serious medical need" by demonstrating that failure to treat the condition could result in further significant injury or the unnecessary and wanton infliction of pain and (2) the defendant's response was deliberately indifferent. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).

---

[1] Additional factual background is set forth in the Court's February 12, 2020 Screening Order (Doc. 7).
[2] Americans with Disabilities Act, 42 U.S.C. §§ 12101 et seq.

- 3 -

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). To act with deliberate indifference, a prison official must both know of and disregard an excessive risk to inmate health; "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Deliberate indifference in the medical context may be shown by a purposeful act or failure to respond to a prisoner's pain or possible medical need and harm caused by the indifference. *Jett*, 439 F.3d at 1096. Deliberate indifference may also be shown when a prison official intentionally denies, delays, or interferes with medical treatment or by the way prison doctors respond to the prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Jett*, 439 F.3d at 1096.

Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989). A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Plaintiff alleges that Defendant Switzer failed to ensure that Plaintiff received the housing, wheelchair, and walker that he needed after she was informed of his need for them via the ICR. Liberally construed, Plaintiff has stated a claim for inadequate medical care in violation of the Eighth Amendment based on these allegations. Therefore, the Court will order Switzer to answer Count One of the First Amended Complaint.

Under Title II of the ADA, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. As used in this provision, a "public entity" is defined in part as "(A) any State or local government; [or] (B) any department, agency, special purpose district, or other instrumentality of a State or States or local government . . . ." 42 U.S.C. § 12131.

Plaintiff may not maintain an ADA claim against individual officers or officials in their individual capacities. *Walsh v. Nev. Dep't of Human Resources*, 471 F.3d 1033, 1037 (9th Cir. 2006). Nor may he seek relief under Title II from a private entity that contracts with the government to perform a public function. *See, e.g., Edison v. Douberly*, 604 F.3d 1307, 1310 (11th Cir. 2010) (private prison management corporation); *Wilkins-Jones v. Cnty. of Alameda*, 859 F. Supp. 2d 1039, 1045 (N.D. Cal. 2012) (private company that provided medical services to county jail); *Castle v. Eurofresh, Inc.*, 734 F. Supp. 2d 938, 943 (D. Ariz. 2010) (private company that employed state prisoners). Accordingly, the Court will not require Switzer to answer Count Three of the Complaint because she cannot be liable under the ADA in her individual capacity, and a claim against her in her official capacity would be duplicative of Plaintiff's official-capacity claim against Defendant Shinn. (*See* Doc. 7.)

As the allegations of Plaintiff's FAC are identical to his original Complaint, Defendants Bell, Corizon, Centurion, Consolacion, Riley, and Shinn will be required to answer the FAC as provided in the Court's February 11, 2020 Screening Order.

Accordingly,

**IT IS ORDERED**:

(1) Plaintiff's Motion for Leave to File Amended Complaint (Doc. 13) is **granted**.

(2) The Clerk of Court shall docket the proposed amended complaint, lodged at Doc. 14, as the First Amended Complaint.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(3) Count Three of the First Amended Complaint is dismissed as to Defendants Switzer, Bell, Corizon, Centurion, Consolacion, and Riley.

(4) Defendant Switzer shall answer Count One of the First Amended Complaint as set forth in this Order.

(5) Defendants Bell, Corizon, Centurion, Consolacion, Riley, and Shinn shall answer the First Amended Complaint in accordance with the Court's February 11, 2020 Screening Order (Doc. 7).

(6) The Clerk of Court shall send Plaintiff a service packet including the First Amended Complaint, this Order, and both summons and request for waiver forms for Defendant Switzer.

(7) Plaintiff must complete and return the service packet to the Clerk of Court within **21 days** of the date of filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with this Order. If Defendant is an officer or employee of the Arizona Department of Corrections, Plaintiff must list the address of the specific institution where the officer or employee works.

(8) If Plaintiff does not either obtain a waiver of service of the summons or complete service of the Summons and First Amended Complaint on Defendant Switzer within 60 days of the filing of this Order, Defendant Switzer may be dismissed. Fed. R. Civ. P. 4(m); LRCiv 16.2(b)(2)(B)(ii).

(9) The United States Marshal must retain the Summons and copies of the First Amended Complaint and this Order for future use.

(10) The United States Marshal must notify Defendant Switzer of the commencement of this action and request waiver of service of the summons pursuant to Rules 4(d) and (j)(2) of the Federal Rules of Civil Procedure and Rule 4.1(c) of the Arizona Rules of Civil Procedure. The notice to Defendant must include a copy of this Order.

(11) If Defendant agrees to waive service of the Summons and First Amended Complaint she must return the signed waiver forms to the United States Marshal, not the Plaintiff, within 30 days of the date of the notice and request for waiver of service pursuant to Federal Rule of Civil Procedure 4(d)(1)(F) to avoid being charged the cost of personal service.

(12) The Marshal must immediately file signed waivers of service of the summons. If a waiver of service of summons is returned as undeliverable or is not returned by a Defendant within 30 days from the date the request for waiver was sent by the Marshal, the Marshal must:

    a. personally serve copies of the Summons, First Amended Complaint, and this Order upon Defendant pursuant to Rule 4(e)(2), Rule 4(h)(1), and Rule 4(j)(2) of the Federal Rules of Civil Procedure; and

    b. within 10 days after personal service is effected, file the return of service for Defendant, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon Defendant. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, First Amended Complaint, or this Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

. . . .

. . . .

. . . .

. . . .

. . . .

(13)    Defendants must answer the relevant portions of the First Amended Complaint or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

Dated this 15th day of June, 2020.

_____
Honorable Rosemary Márquez
United States District Judge