**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel A Figueroa, | No. CV-20-00064-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion of Arizona LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's First Motion for Extension of Time to Serve Defendants Switzer, Consolacion, and Shinn. (Doc. 42.) The Court will grant the Motion as to all three Defendants and will order Defendant Centurion to file under seal the last-known addresses of Defendants Switzer and Consolacion.

On February 6, 2020, Plaintiff filed a pro se Complaint alleging civil rights violations pursuant to 42 U.S.C. § 1983. (Doc. 1.) On February 12, 2020, the Court issued a Screening Order directing Defendants Bell, Corizon, Centurion, Consolacion, Riley, and Shinn to answer the Complaint. (Doc. 7.) Subsequently, Defendants Bell, Corizon, Centurion, Riley, and Shinn were served. (Docs. 10, 11, 12, 19, 20, 29.) Service was returned unexecuted as to Defendant Consolacion because Plaintiff had failed to provide an address where Defendant Consolacion could be located. (Doc. 9.) On April 20, 2020, Plaintiff filed a Motion for Leave to Amend Complaint, seeking to add

Defendant Switzer, who had been inadvertently omitted from the original Complaint, as a named Defendant. (Doc. 13.)

## I. Defendant Shinn

Defendant Shinn signed a waiver of service of the summons on June 9, 2020. (Doc. 29.) Although Defendant Shinn was served after the deadline for completion of service, the delay was not the fault of Plaintiff.[1] Therefore, the Court will extend the date for service on Defendant Shinn, *nunc pro tunc* to the date service was executed.

## II. Defendant Switzer

On June 16, 2020, this Court granted Plaintiff's Motion for Leave to File Amended Complaint (Doc. 33) and ordered service of the First Amended Complaint ("FAC") on Defendant Switzer within 60 days. (Doc. 32.) The time for service of Defendant Switzer—60 days from the filing of the FAC Service Order—has not yet expired. (*Id.* at 6.) Plaintiff's Motion for Extension of Time indicates that he does not have Defendant Switzer's current address and that on June 24, 2020, he sent a Rule 34 discovery request to Defendant Centurion seeking Defendant Switzer's last-known address. (Doc. 42.) Although the time for serving Defendant Switzer has not yet expired, the Court finds that Plaintiff's attempts to obtain Defendant Switzer's address will likely result in a need to extend the time for service. *See* Fed. R. Civ. P. 4(m). Therefore, the Motion for Extension of Time will be granted as to Defendant Switzer.

## III. Defendant Consolacion

As to Defendant Consolacion, Plaintiff requests an extension of time to return the service packet as well as an extension of time for service. (Doc. 42.) On July 13, 2020—the same day Plaintiff filed the instant motion—the Court issued an Order to show cause why Defendant Consolacion should not be dismissed for failure to serve. (Doc. 41.) Plaintiff has since filed a response to that Order, in which he states that he lacks an address for Defendant Consolacion and requests assistance in locating an address. (Doc. 43.) Plaintiff further indicates that he has requested Consolacion's address in a discovery

---

[1] The U.S. Marshall has informed the Court that service on Defendant Shinn was delayed due to the COVID-19 pandemic.

request to Centurion. (Doc. 42 at 2.) The Court finds that Plaintiff has shown good cause for the requested extension of time for service as to Defendant Consolacion. Fed. R. Civ. P. 4(m) (The "court must extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to timely effect service.)

### IV. Addresses of Defendants Consolacion and Switzer

Plaintiff further requests that Defendant Centurion provide the addresses of Defendants Switzer and Consolacion. (Doc. 42 at 2.) In the interest of judicial efficiency, the Court will order Defendant Centurion to file current work addresses for Defendants Consolacion and Switzer. If Consolacion and Switzer are no longer employed by Centurion, Centurion shall file under seal the last-known home addresses of Switzer and Consolacion.[2]

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Extension of Time (Doc. 42) is **granted** as follows:

(1) The Motion is **granted** as to Defendant Shinn. The time for service on Defendant Shinn is extended *nunc pro tunc* to the date of service.

(2) The Motion is **granted** as to Defendant Switzer. Plaintiff shall have **sixty (60) days** from the date of this Order to serve Defendant Switzer.

(3) The Motion is **granted** as to Defendant Consolacion. Plaintiff shall have **sixty (60) days** from the date of this Order to serve Defendant Consolacion.

. . . .

. . . .

. . . .

. . . .

. . . .

---

[2] To the extent that Centurion provides a home address for either Defendant under seal, the Court will direct the Clerk of Court to complete a service packet and deliver the packet to the U.S. Marshall to complete service. To the extent Centurion provides a work address for either Defendant, Plaintiff shall be responsible for completing and returning the service packet.

(4) Within **fourteen (14) days** from the date of this Order, Defendant Centurion shall file current work addresses for Defendants Consolacion and Switzer, or, if Defendants are no longer employed by Centurion, shall file under seal the last-known home addresses of Defendants Consolacion and Switzer.

Dated this 24th day of July, 2020.

                                                                     Honorable Rosemary Márquez
                                                                       United States District Judge