**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gabriel A Figueroa, | No. CV-20-00064-TUC-RM |
| Plaintiff, | **ORDER** |
| v. | |
| Centurion of Arizona LLC, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff's Renewed Motion to Substitute Jessie Arrandia for Plaintiff Gabriel Figueroa. (Doc. 125.) Defendant Shinn filed a response (Doc. 126), in which Defendants Corizon and Bell joined (Doc. 127), and to which Plaintiff replied (Doc. 128).

**I.   Background**

Plaintiff brought this action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act ("ADA"), alleging delays and deficiencies in medical care, failure to accommodate, and retaliation. (Doc. 7.) Upon screening of the original Complaint, the Court found that Plaintiff had stated Eighth Amendment claims against Defendants Corizon, Bell, Consolacion, Centurion, Riley, and Shinn in his official capacity only, a First Amendment claim against Defendants Consolacion and Riley, and an ADA claim against Defendant Shinn in his official capacity only. (Doc. 7 at 9.) Thereafter, the Court

granted Plaintiff leave to amend his Complaint to add an Eighth Amendment claim against Defendant Switzer. (Doc. 32.) All Defendants answered. (Docs. 34, 35, 45, 75, 98.) In December 2020, Plaintiff passed away from COVID-19 and the Court stayed this action in order to allow Plaintiff's attorney time to seek the appointment of Jessica Arrandia as Plaintiff's personal representative. (Doc. 124.)

## II. Motion to Substitute

Plaintiff, through his attorney, seeks to substitute Jessica Arrandia as the Plaintiff in this action. (Doc. 125.) Ms. Arandia has been appointed as the personal representative for Mr. Figueroa's estate, and Plaintiff asserts that his § 1983 and ADA claims are not extinguished by his death. (*Id.*; *see also* Doc. 128) In response, Defendants argue that Ms. Arrandia has not demonstrated standing to pursue the claims in this action and that Mr. Figueroa's claims did not survive his death. (Docs. 126, 127.) In reply, Plaintiff argues that Ms. Arrandia's appointment as the personal representative of Mr. Figueroa's estate— of which this action is the only asset—qualifies her to represent the estate according to her duties in that role. (Doc. 128.)

## III. Applicable Law

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party dies and the claim is not extinguished," a motion for substitution may be filed by the decedent's successor or representative, and "the court may order substitution of the proper party."

Constitutional standing is a jurisdictional prerequisite to suit. *Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 933 F. Supp. 2d 58, 68 (D.D.C. 2013). However, a party seeking to substitute for a plaintiff following the plaintiff's death need not demonstrate personal standing. A substitute is "not litigating on his or her own behalf and need not have standing in his personal capacity, but rather stands in the shoes of the decedent." *Roe v. City of New York*, No. 00 Civ.9062 (RWS), 2003 WL 22715832, at *3 (S.D.N.Y. Nov. 19, 2003). Courts have found that if a deceased plaintiff's right to bring an action survives his death and passes into his estate, the representative of the estate is a proper

party for substitution. *Id.*; *see also Billups v. West*, No. 95 CIV.1146(KMW) HB, 1998 WL 341939, at *1 (S.D.N.Y. June 26, 1998) (a representative of the deceased party—"a person lawfully designated by state authority to represent the deceased's estate"—is a proper party for substitution); *Stern v. Gen. Elec. Co.*, 837 F. Supp. 72, 73 (S.D.N.Y. 1993), *aff'd*, 23 F.3d 746 (2d Cir. 1994) (noting that representatives were substituted on deceased plaintiff's behalf).

"A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action." *Cavanaugh v. Cty. of San Diego*, No.: 3:18-cv-02557-BEN-LL, 2020 WL 6703592, at *43 (S.D. Cal. Nov. 12, 2020). The Arizona survival statute provides:

> Every cause of action, except a cause of action for damages for breach of promise to marry, seduction, libel, slander, separate maintenance, alimony, loss of consortium or invasion of the right of privacy, shall survive the death of the person entitled thereto or liable therefor, and may be asserted by or against the personal representative of such person, provided that upon the death of the person injured, damages for pain and suffering of such injured person shall not be allowed.

A.R.S. § 14-3110.

For ADA claims, "the question of survival 'is governed by federal common law when, as here, there is no expression of contrary intent' from Congress. *Guenther v. Griffin Constr. Co., Inc.*, 846 F.3d 979, 982 (8th Cir. 2017) (citing *Smith v. Dep't of Human Servs.*, 876 F.2d 832, 834 (10th Cir. 1989)). The Eighth Circuit has held that an ADA claim may survive a plaintiff's death because such an outcome would not conflict with the intent of Congress. *See id.* at 984 (the "abatement of compensatory ADA claims poses 'a special threat to enforcement' . . . because the very nature of the ADA makes it more likely the aggrieved party will die before the case is complete given the health issue which brings him or her under the statute's protection . . . Congress passed the ADA to eradicate discrimination against disabled persons, some of whom may be targeted precisely because of their poor health.")

### IV.     Analysis

Although Defendants assert that Ms. Arrandia lacks standing to bring the claims in this action and therefore cannot be substituted for Mr. Figueroa, they have neither cited nor argued any authority to support this position. The Court finds it appropriate to substitute Ms. Arrandia for Mr. Figueroa in this action pursuant to Federal Rule of Civil Procedure 25(a), as she has been appointed the representative of Mr. Figueroa's estate. Furthermore, the Court finds that Mr. Figueroa's 42 U.S.C. § 1983 and ADA claims survive his death pursuant to both Arizona state and federal law.[1]

Accordingly,

**IT IS ORDERED** that Plaintiff's Renewed Motion to Substitute Jessie Arrandia for Plaintiff Gabriel Figueroa (Doc. 125) is **granted**.

Dated this 31st day of March, 2021.

_____
Honorable Rosemary Márquez
United States District Judge

---

[1] To the extent Defendants argue mootness, the Court finds such arguments are more properly raised in a dispositive motion.